**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IMM HOLDINGS, LTD | ) | |
| | ) | Case No. _______________ |
| Plaintiff, | ) | |
| | ) | Judge ________________ |
| v. | ) | |
| | ) | Magistrate Judge |
| HKPARTS, INCORPORATED. | ) | ______________________ |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant HKPARTS INCORPORATED (hereafter sometimes "Defendant") since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least a fully interactive, commercial Internet store. Specifically, Defendant is reaching out to do business with Illinois residents by operating a commercial, interactive Internet store through which Illinois residents can purchase infringing products. Defendant has targeted sales to and purchases from Illinois residents by operating its online store that offers shipping to Illinois, accepts payment in U.S. dollars and includes a

page or pages that specifically identify Illinois and describe Illinois law that regulates certain types of products. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff IMM HOLDINGS, LTD. (hereafter sometimes "Plaintiff") substantial injury in the State of Illinois.

## II. THE PARTIES

### Plaintiff

3. Plaintiff is a corporation duly organized and existing under the laws of the State of Illinois having its registered office at 205 E Butterfield Rd., Suite 202, Elmhurst, IL 60126.

4. Plaintiff owns two United States Trademark registrations, No. 5820252 for MATCH WEIGHT and No. 5422067 for MATCH WEIGHT BY IMM HOLDINGS And Design. Both include as registered goods "attachments for firearms for improved accuracy in target shooting, namely, a compensator that adds mass and redirects muzzle gases for attaching to the frame of the firearm" (the "Registered Goods") and No. 5820252 also includes "holsters."

5. Since 2013 Plaintiff operated a customer focused company that has sold Plaintiff's Registered Goods under the mark MATCH WEIGHT primarily online on sites such as eBay and GunBroker.com and more recently on its own website www.matchweight.com . In addition to the Registered Goods, Plaintiff has been selling additional, related, products including holsters under the mark MATCH WEIGHT.

6. Plaintiff incorporates distinctive marks in advertising, sales and marketing of the Registered Goods and its other goods including the words MATCH WEIGHT and its Logo, both with, and without, its trade name IMM HOLDINGS. The word combination MATCH WEIGHT for compensators and holsters is inherently distinctive.

7. The above U.S. registrations for Plaintiff's trademark are valid, subsisting, in full

force and effect, have been used exclusively and continuously by Plaintiff and have never been abandoned. The registrations are *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the trademark pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates and status reports are attached hereto as Exhibits 1 and 2.

**The Defendant**

8. Defendant HKPARTS INC. is a Corporation of the State of Utah and, on information and belief, has a principal place of business at 138 E 12300 S, Suite C#240, Draper, Utah 84020. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of a fully interactive commercial online marketplace operating under the domain name HKParts.com at the URL www.HKParts.net Defendant sells and offers for sale its goods in the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell infringing products to consumers within the United States, including the State of Illinois.

**III. DEFENDANT'S UNLAWFUL CONDUCT**

9. Long subsequent to Plaintiff's first use of its mark, Defendant introduced a less expensive, lower quality product sharing some, but not all, utility with Plaintiff's MATCH WEIGHT compensator. Defendant used "Match Weight" to identify its competing product in the contexts such as "Match Weight -- Quick Detach" (Exhibit 3) as well as "Match Weight Rail Adapter" and "Match Weight Compensator" which usage indicates confusing trade identity use of MATCH WEIGHT.

10. Defendant facilitates sales on its website and a Facebook Page which offer for sale the less expensive, lower quality product sharing some, but not all, functionality with

Plaintiff's MATCH WEIGHT compensator which website and Facebook Page use the infringing mark MATCH WEIGHT including, at least, Match Weight - Quick Detach, the Facebook "Shop Now" button linking to the www.hkparts.net website. (Exhibit 3)

11. Defendant has also posted, or arranged to have posted at least one Pinterest image with links to Defendant's website and using the designation Match Weight Compensator.

12. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the MATCH WEIGHT trademark in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products in the United States and Illinois over the Internet. Defendant's website offers shipping in the United States, including Illinois (Exhibit 4) and, on information and belief, Defendant has sold Infringing Products into the United States, including Illinois.

13. Defendant's use of the MATCH WEIGHT trademark in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including the sale of Infringing Products in the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

14. Defendant, since at least as early as August 30, 2017, has advertised its infringing Match Weight - Quick Detach as "Our Patent Pending design …" thereby expressly stating to the public that there was a patent application pending at that time. If an application had been filed as late as August 30, 2017 it would normally be published on or before March 2, 2019 and a search of published US Patent Office applications fails to locate any such application. Any further information would be uniquely available to Defendant and therefore, on information and belief, Plaintiff alleges that there was no patent pending on Defendant's Match Weight - Quick Detach and therefore the statement "… Patent Pending …" was false, known

to be false and made for the purpose of influencing purchasers and potential purchasers who would have perceived the claim "Patent Pending" to be, at least, a claim of novelty, to falsely convey the impression that Defendant was an innovator, all to the injury of Defendant's competitors, which includes Plaintiff.

**COUNT I**

**TRADEMARK INFRINGEMENT**

**(15 U.S.C. § 1114)**

15. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14.

16. This is a trademark infringement action against Defendants based on its unauthorized use in commerce of infringements of the federally registered MATCH WEIGHT trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The MATCH WEIGHT trademark is a distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products offered, sold or marketed under the MATCH WEIGHT trademark.

17. Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing and advertising, products using infringements of the MATCH WEIGHT trademark without Plaintiff's permission.

18. Plaintiff is the exclusive owner of the MATCH WEIGHT trademark in the United States. Plaintiff's United States Registrations for the MATCH WEIGHT trademark (Exhibits 1 and 2) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the MATCH WEIGHT trademark, and is willfully infringing and intentionally using imitations of the MATCH WEIGHT trademark. Defendant also has constructive notice of Plaintiff's registrations. Defendant's willful, intentional and

unauthorized use of the MATCH WEIGHT trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the consuming public.

19. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

21. While Plaintiff has suffered monetary damages, damages alone will be inadequate, Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its MATCH WEIGHT trademark.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN (TRADEMARK INFRINGEMENT)**

**(15 U.S.C. § 1125(a))**

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 21.

23. Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the consuming public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

24. By using the MATCH WEIGHT trademark on the Infringing Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

25. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the consuming public involves the use of infringing or counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

26. While Plaintiff has suffered monetary damages, damages alone will be inadequate, Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its MATCH WEIGHT trademark.

**COUNT III**

**FALSE DESIGNATION OF ORIGIN (FALSE OR MISLEADING ADVERTISING ) (15 U.S.C. § 1125(a))**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

28. Defendant's promotion, marketing, offering for sale, and sale of products that compete with sales of Plaintiff's products using the false claim "Patent Pending" has created and is creating a likelihood of confusion, mistake, and deception among the public about Defendant's product.

29. The commercial advertisement by Defendant representing Defendant's product as "Patent Pending" when no patent application is pending is a false statement of fact.

30. The commercial advertisement by Defendant representing Defendant's product as "Patent Pending" when no patent application is pending has actually deceived or has the tendency to deceive a substantial segment of its audience.

31. The commercial advertisement by Defendant representing Defendant's product as "Patent Pending" when no patent application is pending is material, in that it is likely to

influence the purchasing decision.

32. The commercial advertisement by Defendant representing Defendant's product as "Patent Pending" has been caused by Defendant to enter interstate commerce.

33. Plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

34. Defendant's false designation of origin and misrepresentation of fact as to the "Patent Pending" status of the Infringing Products to the consuming public involves the false statements in commerce and when no patent application is pending is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

35. While Plaintiff has suffered monetary damages, damages alone will be inadequate, Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill.

**COUNT IV**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510, *et seq.*)**

36. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35.

37. Defendant has engaged in acts violating Illinois law including, but not limited to, passing off their Infringing Products as those of Plaintiff; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Plaintiff Products; representing that their Infringing Products have Plaintiff's approval when they do not; falsely advertising that Defendant's product is "Patent Pending" and engaging

in other conduct which creates a likelihood of confusion or misunderstanding among the public.

38. The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

39. While Plaintiff has suffered monetary damages, damages alone will be inadequate, Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff plays for judgment as follows:

1. IMM Holdings, Ltd. ("Plaintiff") has a distinctive trademark, continuously used since long prior to Defendant's use and has been injured by the wrongful acts of Defendant.

2. Defendant has violated the trademark infringement, trademark counterfeiting, false labeling, false advertising and false designation and origin provisions of the Lanham Act and the Illinois Uniform Deceptive Trade Practices Act, and Defendant, its directors, officers, agents, servants, representatives, employees, successors and assigns and all others acting active concert or participation with it, (hereafter collectively "HKParts") are jointly and severally Ordered:

a. HKParts be preliminarily and then permanently restrained and enjoined from:

i. Marketing, advertising, displaying, selling, offering for sale, or distributing products related to those of Plaintiff containing the false or misleading labeling;

ii. Representing or promoting to consumers or other purchasers any product is "Patent Pending" unless there is a patent application filed in the US Patent and Trademark Office that has a Serial Number and Filing Date and is not abandoned.

iii. Marketing, advertising, displaying, selling, offering for sale or distributing products related to those of Plaintiff under the distinctive mark MATCH WEIGHT or is so similar thereto as to be likely to cause confusion, mistake or deception with Plaintiff's mark MATCH WEIGHT;

iv. Otherwise infringing Plaintiff's distinctive mark MATCH WEIGHT;

v. Engaging in any other or further acts of unfair competition against Plaintiff;

vi. Engaging in any deceptive trade practices in the offering of goods under Plaintiff's distinctive mark MATCH WEIGHT or any other variation or simulation thereof;

vii. Engaging in any deceptive business practices in the offering of goods under Plaintiff's distinctive mark MATCH WEIGHT or any other variation or simulation thereof;

viii. Using any of the term, designation or dress as meta tags, search optimization items or otherwise upon the Internet, or in directing Internet traffic searching for MATCH WEIGHT compensators, holsters or other firearm accessories to HKParts or its representatives.

b. HKParts be preliminarily and then permanently, restrained and enjoined from otherwise using or infringing any trademark or trade dress of Plaintiff or from adopting or using confusingly similar marks, terms, dress, art or designations thereto, unfairly competing with Plaintiff, or diluting the distinctiveness of Plaintiff's marks or dress associated with its products, or Plaintiff's distinctive uses thereof, or its trade dress or package designs or injuring Plaintiff's business reputation in any manner.

c. HKParts be preliminarily and then permanently, restrained and enjoined from causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of Plaintiff's goods or services associated with its goods or as to affiliation, connection or association of them with, or approval of them by Plaintiff, or engaging in conduct tending to create a false commercial impression of HKParts' products, services, or any other conduct which similarly creates a likelihood of confusion, misunderstanding or false representation.

d. HKParts shall destroy all packaging, advertising and promotional materials of any kind bearing "Match Weight" or "Patent Pending"

e. HKParts shall recall all "Match Weight" or "Patent Pending" goods.

3. Pursuant to 15 U.S.C. § 1117, Plaintiff be awarded the profits secured by HKParts as a result of HKParts' unlawful activities complained of herein and that said award be trebled as provided by law or in the alternative that Plaintiff be awarded statutory damages in an amount determined by the Court for willful use of an infringing mark; Plaintiff is further entitled to recover its own actual damages and lost profits, and the costs of the action.

4. Plaintiff be awarded increased, exemplary, enhanced and punitive damages in such amount as the Court shall find sufficient to compensate Plaintiff for its losses and deter HKParts' willful unlawful conduct.

5. Plaintiff be awarded its costs incurred in this action, including its attorneys' fees.

6. HKParts shall pay the monetary amounts so awarded.

7. HKParts shall file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of HKParts' compliance with the Court's order.

8. Plaintiff have such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted:

David C. Brezina
Ladas & Parry, LLP
224 South Michigan Avenue, #1600
Chicago, IL 60604
312.427.1300
Fax 312.427.6663
dbrezina@ladas.net